Settle order on notice.

---

(81 Misc. Rep. 330.)

REXFORD FLATS BRIDGE CO. v. CANAL BOARD et al.

(Supreme Court, Special Term, Saratoga County. June, 1913.)

CANALS (§ 17*)—CONSTRUCTION BY STATE—STATUTES—RECONSTRUCTION OF BRIDGES.

Barge Canal Act 1903 (Laws 1903, c. 147) canalized the Mohawk river, section 3 providing that there shall be not less than 15½ feet between complainant's bridge and the water at its highest navigable stage, the plans for the improvement requiring that the bridge be raised 15.5 feet above the present floor line, the removal of two of its piers, and the replacing of three spans by one new one, the section also providing that new bridges shall be built over the canal at the place of existing bridges wherever required or rendered necessary by the new location of the canal. Held, that where the closing of a dam, constructed by the Canal Board below the bridge, would be liable to cause damage to the bridge, and would subject it to the increased hazard of being swept away by floods, complainant was entitled to an injunction restraining the board from closing the dam until it had taken proper steps to rebuild the bridge in accordance with the plans.

[Ed. Note.—For other cases, see Canals, Cent. Dig. § 25; Dec. Dig. § 17.*]

Action by the Rexford Flats Bridge Company against the Canal Board and others. Motion by complainant for an injunction pendente lite restricting the board from closing a dam across the Mohawk river below complainant's bridge, so as to injure the same, without rebuilding the bridge. Granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
142 N.Y.S.—58

Thomas O'Connor, of Waterford, for plaintiff.

Thomas Carmody, Atty. Gen., and Henry Selden Bacon, Deputy Atty. Gen., for defendants.

BORST, J. The plaintiff owns and maintains a toll bridge across the Mohawk river at Rexford flats. The defendants, as officials and agents of the state, are engaged in constructing a dam across the river below the plaintiff's bridge as part of the scheme for the new barge canal. The plaintiff contends that if the dam, which is nearly completed, shall be closed, it will force the waters of the river back against its bridge and its abutments, and thereby endanger and damage the same, and has brought this action to restrain the defendants from closing the dam or interfering with the bridge, except for the purpose of constructing a new bridge, which it is claimed the state is required to construct by the Barge Canal Act (Laws 1903, c. 147). The plaintiff now moves the court for an injunction pendente lite against closing the dam on notice to the defendants.

No question has been made on this motion, but that the plaintiff's bridge is rightly maintained across the river. Nor do the defendants question but that ultimately they intend to create a situation whereby the bridge will have to be removed or changed. They insist, however, that during the present navigation season of 1913 they do not intend to interfere with the bridge to its detriment, and that the closing of the dam will not injure it. The elevation of the bridge is 221.9 feet, which refers to the height in feet above tide water. The base of the bridge piers is at 198. The height of the water on the bridge piers at ordinary flow is not shown by the affidavits presented on this motion.

The defendants concede that they intend to proceed at once to the closing of the dam, and that, after it shall be closed, the height of the water at the crest of the dam and at the bridge will be 211 feet. Without knowing the height of the water at ordinary flow on the bridge piers, we are unable to determine what distance the water will be raised by the closing of the dam. The maximum navigable stage of the water is given by the defendants at 215.7 feet, as it will be used the present season when the dam is closed. The water, therefore, will be raised at the bridge piers for its navigable stage by the dam at least 4.7 feet. This navigable stage of the river, however, in no way indicates the maximum flow of the river nor its flow in times of high water. The river it is well known is subject to frequent floods. During the past spring the water arose to the floor of the bridge, and barely passed underneath. It needs no argument to show that injury is liable to accrue to the bridge from the damming of the river as proposed, and that it will be subject to the increased hazard of being swept away by floods.

It is asserted in the affidavit submitted on behalf of plaintiff, and not challenged by defendants' affidavits, that by the provisions of section 3 of the Barge Canal Act of 1903 the canalized river must have not less than 15½ feet between the bridge and the water at its highest navigable stage; that the plans for the canalization of the river require that the bridge be raised 15.5 feet above its present floor line, the

removal of two of its piers, and three of its spans, the latter to be replaced by one span. By section 3 of the Barge Canal Act, it is provided:

"New bridges shall be built over the canals to take the place of existing bridges wherever required or rendered necessary by the new location of the canals."

It would seem to follow from the proofs presented on this motion that the state is ultimately bound to rebuild this bridge. The reason for the delay in rebuilding it or in acquiring it under the power of eminent domain is not indicated. In fact, no suggestion is made on behalf of the state officers why plaintiff's property is threatened with injury when the way is so plainly open to avoid complaint. The defendants urge that the interests of the state will suffer and navigation be delayed if they are enjoined as prayed for by this plaintiff, that the issue of an injunction is to a great extent discretionary, and that a court should hesitate before granting this extraordinary remedy when it will interfere with what would otherwise be great public benefits.

The smallest right, however, is as much the subject of protection as the greatest. The humblest citizen is entitled to the protection of the courts equally with the state itself. If the rights of the plaintiff are to be seriously interfered with, such a situation calls for action by the courts. It clearly appears that plaintiff's property is to be subjected to the hazard of great loss as stated, if defendants are allowed to close the dam, and thereby force the waters of the river against the bridge and its piers. If an injunction, however, is to issue pending the trial of the action, it should be upon such terms as shall cause the least injury to the parties enjoined compatible with the rights of the other party.

An injunction, therefore, may issue restraining the defendants from damming the waters of the Mohawk river back against the bridge and its piers of the plaintiff by the closing of the dam or otherwise, such injunction, however, not to take effect until 10 days after a copy of the same shall be served on the defendants. This will give the defendants opportunity to take such steps as are necessary for the rebuilding of the bridge in question. The defendants may move to vacate or modify this injunction on five days notice when it appears that the state has, in good faith, proceeded to rebuild the bridge or has taken steps to enter into a contract with the plaintiff for that purpose.